UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
BRENDA COTE,                          )
      Plaintiff                        )        CIVIL ACTION NO.
                              )        3:19-CV-00785-AWT
v.                                      )
                              )
TD AUTO FINANCE LLC AND               )
HARTFORD AUTO GROUP, INC. D/B/A)
MAC MITSUBISHI                        )
_____ )      JUNE 25, 2019

**<u>AMENDED COMPLAINT</u>**

## I.    INTRODUCTION

1.      This is a suit brought by a consumer against a finance company for violations of the Fair Credit Reporting Act ("FCRA"), Retail Installment Sales Financing Act ("RISFA"), the Uniform Commercial Code ("UCC"), and Connecticut Unfair Trade Practices Act ("CUTPA"). Plaintiff also asserts a claim for breach of a settlement agreement against the automobile dealership which was the original creditor for the retail installment sales contract.

## II.    PARTIES

2.      Plaintiff, Brenda Cote ("Plaintiff"), is a natural person residing in Enfield, Connecticut.

3.      Defendant, TD Auto Finance, LLC ("TD Auto"), is a Michigan limited liability company with offices in Farmington Hills, Michigan.

4.      Defendant, Hartford Auto Group, Inc. d/b/a MAC Mitsubishi ("HAG"), is a Connecticut corporation that operates an automobile dealership in Hartford, Connecticut.

## III.    JURISDICTION

5.      Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  Supplemental jurisdiction for the state law claims exists pursuant to 28 U.S.C. § 1367.

6.      This Court has jurisdiction over the defendants because they engage in business activities within Connecticut.

7.      Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

## III.    FACTUAL ALLEGATIONS

8.      In May 2017, Plaintiff entered into a retail installment contract (the "Contract") to purchase a motor vehicle.

9.      The Contract was assigned to TD Auto.

10.     On or about October 12, 2017, TD Auto took possession of the Vehicle.

11.     On or about January 22, 2108, Plaintiff notified HAG and TD Auto via a letter from counsel that she elected to rescind the transaction and she asserted certain claims against HAG and TD Auto and notified TD Auto that she disputed any further indebtedness under the Contract.

12.     On July 25, 2018, HAG and Plaintiff executed a settlement agreement (the "Agreement"), which provided, *inter alia*, that HAG would "pay to [TD Auto] the balance owed under the Contract on or before December 31, 2018.

13.     HAG failed to pay the balance owed under the Contract on or before December 31, 2018.

14.     HAG did not pay this balance by this date.

15.     On or about February 13, 2019, Plaintiff sent written notice of dispute to all three major credit reporting agencies, Experian, Equifax, and TransUnion (the "CRAs"), requesting that they conduct an investigation regarding the alleged debt owed under the Contract.

16.     TD Bank failed to conduct an adequate investigation into the claimed debt.

17.     TD Bank confirmed to the Equifax and Experian that the debt was valid, despite the January 28, 2018 letter it received advising it that the account was disputed.

18.     On or about April 7, 2019, Plaintiff attempted to obtained credit in the form of a credit card with Kohl's department store.

19.     Plaintiff was denied credit in whole or in part due to TD Bank's incorrect reporting of the claimed debt.

20.     Plaintiff has been denied credit from others and has been denied, in whole or in part, due to TD Bank's failure to acknowledge the disputed nature of the account.

21.     HAG did not pay any portion of the balance owed under the Contract until on or about May 6, 2019, and an outstanding balance of $1,200 remains, and HAG has materially breached the Agreement.

3

22.     The Agreement provides that HAG is responsible to pay Plaintiff's attorney's fees incurred as a consequence of its breach.

23.     As a result of HAG's breach, Plaintiff has suffered damages, including, but not limited to credit harm.

IV.     **CAUSES OF ACTION**

   **A. FAIR CREDIT REPORTING ACT (TD BANK)**

24.     TD Bank is a person as that term is defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, 15 U.S.C. § 1681s-2.

25.     15 U.S.C. § 1681s-2(a)(1)(A) prohibited TD Bank from reporting information that it had reasonable cause to know was inaccurate to CRAs.

26.     TD Bank violated 15 U.S.C. § 1681s-2(a)(1)(A).

27.     15 U.S.C. § 1681s-2(a)(1)(B) prohibited TD Bank from furnishing information to the CRAs after being notified by Plaintiff that information on her reports was inaccurate when it was in fact inaccurate.

28.     TD Bank violated 15 U.S.C. § 1681s-2(a)(1)(B).

29.     15 U.S.C. § 1681s-2(a)(2) creates a duty for TD Bank to correct and update information that it has furnished to CRAs and it has learned that information reported was inaccurate or incomplete.

30.     Pursuant to 15 U.S.C. § 1681s-2(b), upon notification from CRAs that the information on the Plaintiff's consumer report was disputed by as inaccurate, TD Bank had a duty to conduct an investigation with respect to the disputed information and review all relevant information provided by the CRAs.

31.     TD Bank violated 15 U.S.C. § 1681s-2(b), for which a private right of action exists, by its negligence in failing to investigate the disputed information.

32.     TD Bank is liable to Plaintiff for her damages and a reasonable attorney's fee pursuant to 15 U.S.C. § 1681o.

33.     TD Bank's failure to investigate the disputed information following the provision of the explanation of benefits was willful, and it is also liable to Plaintiff for punitive damages and statutory damages pursuant to 15 U.S.C. § 1681n.

## B. BREACH OF SETTLEMENT AGREEMENT (HAG)

34.     HAG breached its obligations under the settlement agreement.

35.     As a result of HAG's breach, Plaintiff has suffered damages, including credit harm.

36.     HAG is liable to Plaintiff for its breach.

37.     HAG is liable to Plaintiff for attorney's fees and costs pursuant to the terms of the Agreement.

WHEREFORE, Plaintiff claims actual damages, statutory damages of $1,000, punitive damages, and attorney's fees and costs.  Plaintiff also seeks an order declaring that she rescinded the Contract and/or revoked acceptance of the Contract. She also seeks an order requiring TD Bank to delete the tradeline for the account.

PLAINTIFF, BRENDA COTE,

By: /s/ Daniel S. Blinn
      Daniel S. Blinn (ct02188)
      dblinn@consumerlawgroup.com
      Brendan L. Mahoney (ct29839)
      bmahoney@consumerlawgroup.com
      Consumer Law Group, LLC
      35 Cold Spring Rd. Suite 512
      Rocky Hill, CT  06067
      Tel. (860) 571-0408
      Fax (860) 571-7457

## <u>CERTIFICATION</u>

I hereby certify that on this 25th day of June, 2019, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Hartford Auto Group, Inc. d/b/a Mac Mitsubishi
398-412 New Park Avenue
Hartford, CT 06106


TD Auto Finance LLC
c/o CT Corporation System, Its Agent
67 Burnside Avenue
East Hartford, CT 06108

TD Auto Finance LLC
27777 Inkster Road
Farmington Hills, MI 48334


/s/Daniel S. Blinn
Daniel S. Blinn